IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                                    CRIMINAL ACTION NO.   3:22-00103

RODNEY LEE BROWNE JR.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion to Suppress Evidence by Defendant Rodney Lee Browne Jr. ECF No. 35. On March 14, 2023, the Court held a hearing on the motion. For the reasons stated at the hearing and as provided below, the Court **DENIES** the motion.

On March 19, 2020, the Huntington Fire Department and the Huntington Police Department (HPD) were dispatched to 1452 4th Avenue, Huntington, for a structure fire. After the fire was extinguished, the landlord began inspecting apartments located on the second and third floors of the building for damage. When the landlord inspected apartment 306, he observed marijuana, an AK-47 rifle, and a large stack of currency in one of the bedrooms. The landlord informed the arson investigator on the scene, Detective Steve Fitz, what he observed. Standing outside the apartment, Detective Fitz could smell a strong odor of marijuana emanating from the apartment. As a result, Detective Fitz phoned Sergeant Stephen Maniskas, who was at HPD headquarters, and related the information to him. Sgt. Maniskas then applied for a search warrant and described in his Affidavit the information that was given to him by Detective Fitz.

After the warrant was authorized, Sgt. Maniskas testified that he went to the building and he and other officers executed the warrant. Once inside the apartment, Sgt. Maniskas

went to the bedroom where the landlord saw the items. There he found a vehicle title in Defendant's name, and he observed digital scales, bags, and a debit card in Defendant's name located together on a nightstand just outside a closet door. In the closet, Sgt. Maniskas found a little over $2,000 in currency, an AK-47 rifle, marijuana and other drugs,[1] drug packaging material, and a bullet blender. Further, Sgt. Maniskas stated that he observed several smoked marijuana blunts throughout the apartment.

After observing these items, Sgt. Maniskas testified that he heard a disturbance outside the apartment. When he opened the door to see what was happening, he saw Defendant with a key attempting to enter the apartment and Detective Fitz was stopping him. To the best of Sgt. Maniskas' recollection, he was fairly sure he asked Defendant his name, and Defendant replied it was Rodney Browne. Thereafter, he was placed under arrest for possession with intent to deliver controlled substances. Officers tested the key in the door, and it worked.

In his motion, Defendant argues that there was insufficient probable cause to issue the warrant. He also asserts there was an insufficient basis to arrest him. The Court disagrees with both arguments.

The Fourth Amendment requires that a warrant be supported by probable cause. U.S. Const. amend. IV. In making probable cause determinations, courts look to the "totality of the circumstances" and "make a practical, common-sense decision whether, given all the

---

[1] According to the Government, officers found approximately 68 grams of methamphetamine, 327 grams of a mixture of heroin and fentanyl, 1.5 grams of heroin, 1.4 grams of fentanyl, and 245 grams of marijuana.

circumstances set forth in the affidavit before [the issuing judicial officer], including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Courts reviewing a judicial officer's finding that probable cause existed have a duty to ensure that there was "a substantial basis for" for that decision. *Id*. at 238-39 (internal quotation marks and citation omitted). In doing so, the court must keep in mind that "probable cause is not a high bar and requires only a fair probability that contraband or evidence of a crime will be found in a particular place[.]" *United States v. Sueiro*, 59 F.4th 132, 139 (4th Cir. 2023) (internal quotation marks and citations omitted). Additionally, the reviewing court must afford the judicial officer issuing the warrant "great deference." *Id*.

Here, there was sufficient evidence to support probable cause for the warrant. First, Detective Fitz said he could smell a strong odor of marijuana coming from the apartment when he stood outside the door, and Sgt. Maniskas included that information in the Affidavit for the warrant. The Fourth Circuit has "repeatedly held that the odor of marijuana alone can provide probable cause to believe that marijuana is present in a particular place." *United States v. Jones*, 952 F.3d 153, 158 (4th Cir. 2020) (citations omitted). Thus, on those grounds alone, the warrant was proper. Second, the information provided to Detective Fitz by the landlord also had a strong indicia of truthfulness and reliability to support the warrant. The landlord was a known individual who entered the apartment to check for fire damage, and provided Detective Fitz with first-hand knowledge of what he observed. That information, in particular his observation of marijuana, was corroborated by the fact Detective Fitz could smell it outside the door.[2] Given these facts, the

---

[2] Although not relevant to the issuing of the warrant, the Court notes the landlord's

Court also finds the information provided by the landlord was sufficient to support the warrant. *See, e.g., Gates*, 462 U.S. at 233–34 (stating that, "if an unquestionably honest citizen comes forward with a report of criminal activity—which if fabricated would subject him to criminal liability—we have found rigorous scrutiny of the basis of his knowledge unnecessary." Even if there is some reason to doubt an informant's motives, an "explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles his tip to greater weight than might otherwise be the case" (citation omitted)).

Likewise, the Court finds Defendant's arrest did not violate his Fourth Amendment rights. There were sufficient reasons to connect Defendant with the evidence of criminal activities found in the apartment. Sgt. Maniskas testified a debit card with Defendant's name was found together with drug paraphernalia and near the closet that contained a large amount of drugs, money, the AK-47, and other drug related items. Officers also found a vehicle title in Defendant's name, and Defendant was stopped while attempting to open the door with a working key. Sgt. Maniskas testified that he was fairly sure he asked Defendant his name, and Defendant identified himself as Rodney Browne. Given the totality of the circumstances, the Court finds there was substantial evidence upon which a reasonable officer could believe there was probable cause for an arrest. *See United States v. Joy*, 336 F. App'x 337, 340 (4th Cir. 2009) (per curiam) ("A warrantless arrest is constitutionally permissible if there is probable cause for the arresting officer to believe that a felony is being or has been committed by the arrested individual." (citation omitted)).

---

observations and Detective Fitz's statement he could smell marijuana ultimately were corroborated by those items being found by officers inside the apartment.

Accordingly, for the reasons provided above and the reasons stated at the hearing, the Court finds probable cause existed for both the warrant and Defendant's arrest and **DENIES** Defendant's Motion to Suppress Evidence. ECF No. 35.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: March 20, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE